Submitted on brief June 30, 1916, reversed May 1, 1917.

## SUMPTER v. ST. HELENS CREOSOTING CO.

### (164 Pac. 708.)

**Compromise and Settlement—Effect.**

1. There is an account stated and settlement barring action for overtime, where an employee each month signs a time check stating amount of time and amount due, and receives payment without protest or objection.

[As to accounts stated and what are construed to be such, see note in 136 Am. St. Rep. 39.]

From Columbia: JAMES A. EAKIN, Judge.

This is an action by James L. Sumpter against the St. Helens Creosoting Company, a corporation, for labor. From a directed verdict in favor of plaintiff, defendant appeals. Reversed. Judgment entered for defendant.

In Banc. Statement by MR. JUSTICE BENSON.

In the month of April, 1915, plaintiff began this action to recover the sum of $163.12½ claimed to be due for labor. The substance of the complaint is that from July 1, 1913, to September 27, 1914, plaintiff performed services for defendant as an assistant engineer "at an agreed compensation therefor of $75 per month, or $2.50 per ten hour day, or $0.25 per hour." It is further alleged that he worked in excess of ten hours a day but less than 13 hours daily, and that such overtime aggregated 435 hours for which he claims compensation at the rate of $0.37½ per hour.

Defendant demurred to the complaint contending that the ten-hour law upon which plaintiff's cause of action is based is unconstitutional. This contention having been overruled an answer was filed which, after some denials, pleads affirmatively an accounting, settlement and payment from month to month as plaintiff's wages became due. One of these pleas, being illustrative of all the others, is as follows:

"That on August 9, 1913, defendant had an accounting with plaintiff for the month of July, paying plaintiff in full for his services for said month of July the sum of $75.00 which sum was accepted by plaintiff in full payment and settlement of all wages for said month of July, as evidenced by a certain instrument of writing, of which the following is a substantial copy, to wit:

Name J. L. Sumpter             Check No. 950        No. 683
has worked as
Engineer Helper                        TIME CHECK
Month of July No. 17
31 days at            75.00 St. Helens Creosoting Company
   days at                             St. Helens, Ore.
   days at                            August 9, 1913      191
Total                 75.00 Received from St. Helens Creo-
Deductions                   soting Company, $74.00
Hospital          1   Seventy-four and no-100 Dollars
Board                         in full for all labor to date.
Store                 C. D. Golden, Timekeeper.
Total Deductions  1                J. L. Sumpter
                                        (Sign here)
Balance due           74.00 Not transferable."

A reply was filed consisting of a general denial and at the close of the evidence both parties moved for a directed verdict, and the court having directed a verdict for plaintiff, defendant appeals.

Submitted on brief under the proviso of Supreme Court Rule 18: 56 Or. 622 (117 Pac. xi).

REVERSED.  JUDGMENT ENTERED FOR DEFENDANT.

For appellant there was a brief over the name of *Mr. George M. McBride.*

For respondent there was a brief over the name of *Mr. Glen R. Metsker.*

MR. JUSTICE BENSON delivered the opinion of the court.

In his brief defendant urges with vigor that the act of the legislature known as the ten-hour law, Laws 1913, p. 169, is unconstitutional, but that contention has been finally disposed of by this court in the case of *State* v. *Bunting,* 71 Or. 259 (139 Pac. 731, Ann. Cas. 1916C, 1003), which decision has recently been affirmed by the Supreme Court of the United States in *Bunting* v. *Oregon,* in an opinion of April 9, 1917.

We come then to a consideration of the action of the trial court in directing a verdict for the plaintiff. Section 2 of the ten-hour law reads thus:

"No person shall be employed in any mill, factory or manufacturing establishment in this state more than ten hours in any one day, except watchmen and employees when engaged in making necessary repairs, or in case of emergency, where life or property is in imminent danger; *provided, however,* employees may work overtime not to exceed three hours in any one day, conditioned that payment be made for said overtime at the rate of time and one-half the regular wage."

Section 3 of the act declares that any violation of its provisions by an employer is a misdemeanor punishable by fine and that each day's violation of any part of the act shall be a separate offense.

The entire evidence in the case consists of the testimony of the plaintiff, the monthly time-checks, of which an example is above set out, and the corresponding pay-checks for the several months. It appears from the plaintiff's testimony that his contract of employment was oral; that he began his employment as an assistant engineer about February 28, 1913; that he was to receive $75 per month and was to go to work at 7 o'clock at night; that nothing was said as to the number of hours he was to work each day; that there were a night shift and a day shift; that the rule was for him to work two weeks on the night shift, and then two weeks on the day shift; that the day shift was generally about eleven hours, and the night shift twelve hours; and that occasionally he worked for an entire month on the night shift. He says that he received his pay each month at the rate of $75 and signed the time-checks each time and made no pro-

test or objection to the account as therein stated; that he did not work overtime after September 27, 1914, and never made any demand for additional pay until and except when his attorney made a formal demand therefor preparatory to commencing this action which was begun in April, 1915. It may also be noted that the same day when the monthly account was presented as above set out, he was paid by a check containing a duplicate of the account and indorsed as follows: "Endorsement. Received the within check in full payment and satisfaction of the items listed thereon. (Signed) Payee—J. L. Sumpter." It appears to us that this state of the pleadings and the evidence establishes beyond any question that there was an account stated and a settlement which constitutes a bar to this action. Plaintiff argues that such a conclusion is calculated to render the statute ineffective, but we cannot agree with this contention. The law provides for a remedy in the shape of a criminal prosecution, but it nowhere prohibits the laborer from waiving his civil remedy after the labor is performed. It must be conceded that there is no power to compel plaintiff to prosecute this action and neglect to do so would be a complete waiver. An accounting and settlement is another way of reaching the same result. We conclude that the defendant was entitled to a directed verdict, and a judgment will accordingly be entered here in its favor.

REVERSED.   JUDGMENT ENTERED FOR DEFENDANT.

MR. CHIEF JUSTICE McBRIDE did not participate in the consideration or decision of this case.